## Philco Corporation v. Sunstein (No. 2)

*Henderson, Wetherill & O'Hey*, for plaintiff.

*Fox, Differ, DiGiacomo & Lowe*, for defendants.

QUINLAN, J., January 18, 1962.—We have before us for our decision motions for sanction orders filed by plaintiff on August 16, 1961, and November 1, 1961, and defendants' motion for a protective order filed November 1, 1961, and an amended motion filed November 10, 1961.

This action was commenced by a summons in equity filed in December of 1959. By a complaint subsequently filed, plaintiff, Philco Corporation, hereinafter referred to as Philco, claimed title to patents on certain inventions made by defendant Sunstein in the course of his employment with Philco between 1940 and 1955. General Atronics Corporation, of which defendant Sunstein is the President and principal stockholder,

has been joined as an additional defendant. Numerous depositions have since been taken by Philco of defendant Sunstein in an effort to obtain the necessary information for a final draft of its complaint. The depositions have now continued for over 18 months and have once before been a subject of controversy before this court. Philco Corporation v. Sunstein, 22 D. & C. 2d 403 (1960). Once again, these depositions have presented to us several questions for decision.

Although this matter has been greatly complicated by the fact that various remedies are being sought by both sides, the issues presented here may be briefly set forth as follows:

(1) Does Philco have the right to take depositions for discovery purposes of several additional witnesses prior to or concurrently with discovery of plaintiff by defendant Sunstein?

(2) Does Philco have the right to discovery of various officers and employes of General Atronics Corporation prior to or concurrently with discovery of plaintiff by the corporate defendant?

(3) Does Philco have the right to the production of the entire original document designated as "plaintiff's exhibit 256"?

(4) Does Philco have the right to examine the individual defendant Sunstein with regard to certain documents in the files of corporate defendant but bearing on plaintiff's rights against the individual defendant?

The first two issues presented for discussion here, i.e., priority of right to take depositions, is raised by defendants' motion for a protective order under Pa. R.C.P. 4012(a). This protective order was filed on November 1, 1961, after Philco served notice that it would take the depositions on oral examination of David E. Sunstein, as President of General Atronics

and six other persons, including officers, employes or former employes of General Atronics Corporation. Defendants contend that before Philco proceeds with these intended depositions, the individual defendant is entitled to take depositions of Philco and its officers which he noticed on January 29, 1960. This argument is based upon the opinion of this court in Philco Corporation v. Sunstein, supra., in which President Judge William F. Dannehower said that depositions should "proceed in the order in which they are demanded unless good reason is shown for a different order." Defendants also contend that the priority which Philco has by reason of this opinion is limited only to depositions of defendant David E. Sunstein, himself, and can not be extended to others not noticed. The individual defendant therefore concludes that he should be permitted to proceed with his depositions of Philco as soon as the latter completes the depositions of the individual defendant.

On the other hand, Philco argues that the taking of these additional depositions are necessary in order to obtain information so that it can complete its complaint and, therefore, any delay in the depositions would only further delay the filing of a final complaint.

The rule that has been followed in this court with regard to priority of depositions is that depositions should be permitted to proceed in the order in which they are demanded unless good reason is shown for a different order: Philco Corporation v. Sunstein, supra. In the present case, over two years have elapsed since the commencement of this suit, and still a final amended complaint is yet to be filed by plaintiff. Philco's complaint has already been amended twice on the basis of information obtained through discovery of the individual defendant Sunstein, and it is expected that additional information may be obtained from the additional witnesses who have been noticed, which may lead

to further amendment of the complaint. If we follow the rule of priority according to service of notice, Philco's discovery of defendants will now be suspended while Sunstein proceeds with its discovery of Philco. It is likely that eventually further discovery by Philco will lead to an amendment of its complaint, and this in turn will lead to the need for further discovery by defendants after the completion of plaintiff's discovery in order that they may prepare an answer to the complaint. Under these circumstances, we believe that good reasons have been shown for the imposition of a different order. In order to expedite a matter which has already been greatly delayed, plaintiff should be allowed to proceed with the depositions of the individual defendant, as well as the additional witnesses in question, in order that all necessary amendments may be made to the complaint.

On the other hand, the individual defendant has complied with the requirement of prior notice. He should not be required to sit idly by and wait until Philco finishes its lengthy depositions before he can commence his own discovery proceedings. Moreover, the information which he obtains thereby may be used in the preparation of an answer to Philco's complaint as finally amended. Therefore, we believe that in order to further expedite this matter, defendants should be permitted to commence and conduct its discovery of Philco concurrently with Philco's discovery of them.

The next issue presented to us for our determination concerns Philco's right to the production of the entire letter which defendant Sunstein wrote to the Crosley Radio Corporation. On August 6, 1961, Philco presented to this court a motion for a sanction order requesting, inter alia, the production of this letter previously identified as "plaintiff's exhibit 256," in its entirety. Defendant contends: (1) that the proper method to seek the production of documents is by motion to

the court under Pa. R. C. P. 4009 and that, since no such motion has here been made, the remedy under this rule is not available, and, (2) that he will produce the letter to Philco upon the entry by the court of an order which sufficiently protects any interest which defendant has in the subject matter of this letter.

We might first say that Philco's failure to file a formal motion for the production of documents under Pa. R. C. P. 4009 will not preclude this court from giving it the remedy which plaintiff seeks: Knappenberger v. Feldman, 6 D. & C. 2d 728 (1956). Defendant does, however, have the right to seek adequate protection for any of his inventions which are contained in this letter. In this respect, we will enter an order which we believe will sufficiently protect the interest of both parties.

The final question to be considered here is whether or not Philco has the right in taking depositions of the individual defendant Sunstein, to examine him with regard to certain documents in the files of the corporate defendant but bearing on plaintiff's rights against the individual defendant. On November 1, 1961, Philco filed a motion for a sanction order under Pa. R. C. P. 4019 requesting that this court order defendant to either review all proposals of General Atronics Corporation made to the United States Government or to produce these documents for inspection by plaintiff corporation. Defendants object to this request on various grounds:

(1) That there has been no motion filed under Pa. R. C. P. 4009 for the production of documents, and

(2) That an order on said defendant to review all of these records would require involuntary servitude, and

(3) That Sunstein, as president of General Atronics Corporation, is not in "possession, custody or control"

of these corporate records as required by Pa. R. C. P.
4009, and

(4) That Sunstein is not now being deposed as president of General Atronics Corporation.

In answer to this first objection, we can say that the mere absence of a formal motion under Pa. R. C. P. 4009 will not preclude us from affording Philco the remedy which it seeks: Knappenberger v. Feldman, 6 D. & C. 2d 728 (1956). Moreover, since the depositions of the individual and corporate defendants are both to proceed as soon as possible, it makes no difference that Sunstein is now being asked to produce these documents in his capacity as president of the defendant corporation. However, we believe that requiring defendant Sunstein to review all of these records may impose an unreasonable burden on him. Moreover, Philco is not requesting of defendant Sunstein "designated tangible things" within the meaning of Pa. R. C. P. 4009(1). It is not seeking specific documents in which are contained matters relevant to this action, but rather urges that we order defendant to produce *all* of the proposals which the General Atronics Corporation has ever made in an effort to discover whether other causes of action exist. In our opinion, plaintiff is attempting to conduct a general "fishing expedition" which we cannot permit: Evans Estate, 15 D. & C. 2d 619, 628 (1958). If plaintiff were to designate the specific proposals relating to the cause of action stated in its complaint, discovery may be allowed. But the request as it stands is too broad and too burdensome on defendants.

On the other hand, the request of plaintiff that defendant Sunstein produce a certain report of General Atronics Corporation made to the United States Government under contract to the Office of the Naval Research is not subject to these same objections and

should be granted. Defendant Sunstein, as president of General Atronics Corporation, is in sufficient control of this report to at least give plaintiff access to it for the purpose of inspection and, if necessary, defendants may make this report available for inspection at their place of business.

## Order

And now, January 18, 1962, for the foregoing reasons, defendants' motion for a protective order filed on November 1, 1961, and amended on November 10, 1961, is dismissed with permission granted to defendants to proceed with their intended depositions of plaintiff and its officers, concurrently with plaintiff's depositions of both defendants.

And now, January 18, 1962, for the foregoing reasons, defendant, David E. Sunstein, is directed to produce and make available to plaintiff, Philco Corporation, the entire document designated "plaintiff's exhibit 256" which is a letter from David E. Sunstein to Harland Bass of Crosley Radio Corporation, for the purpose of inspection by said plaintiff, and it is further ordered that any proprietary rights which defendant, David E. Sunstein and/or General Atronics Corporation, may have with respect to the subject matter which has been excised in the photoprint (plaintiff's exhibit 256) from the original letter, dated February 27, 1956, from Sunstein to Crosley Radio Corporation shall be reserved to defendant, David E. Sunstein and/or defendant, General Atronics Corporation. In the event that the disclosure of the said excised portion to plaintiff reveals to plaintiff information not theretofore known to plaintiff, plaintiff shall not make any use of the information so revealed except in this litigation. The said document is to be produced at a time and place which is mutually convenient for all the parties and their counsel.

32

And now, January 18, 1962, for the foregoing reasons, defendant David E. Sunstein is directed to produce and make available to plaintiff that certain report of General Atronics Corporation made to the United States Government under contract to the Office of Naval Research, relating to disclosure no. 12-451, for the purpose of inspection by said plaintiff. The said document is to be produced at a time and place which is mutually convenient for all the parties and their counsel. Insofar as the motion of plaintiff concerns all the proposals of General Atronics Corporation, it is dismissed.